## Johnson-Brinkman Commission Co. v. I. H. French & Co.

1. PLEADING—*When the Common Counts Are Sufficient.*—A declaration which contains only the common counts is sufficient in a suit to recover on a contract, where the refusal of the defendant to accept corn, which had been sold and tendered to him in accordance with the contract, is specifically charged as the common ground of recovery.

Assumpsit, on grain contract. Trial in the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Verdict and judgment for plaintiffs; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

GERE & PHILBRICK, attorneys for appellant.

A party to a contract seeking damages for its non-performance by the other party, must allege and prove that he, the plaintiff, has himself complied with all the condi-

638    APPELLATE COURTS OF ILLINOIS.

VOL. 80.] Johnson-Brinkman Commission Co. v. I. H. French & Co.

tions of the contract required of him to be performed, and that the defendant is at fault. Harber Bros. v. Moffat Cycle Co., 151 Ill. 84; Manistee Lumber Co. v. Union National Bank, 143 Ill. 490; Miller v. Wilson, 37 Ill. App. 399; Baird v. Evans, 20 Ill. 30.

J. L. RAY, attorney for appellee.

The work had been done according to contract. Nothing, therefore, remained to be done but to pay for the work done according to the stipulated price, and the contract was, therefore, admissible in evidence under the common counts. Combs v. Steele, 80 Ill. 101; First National Bank v. Hart, 55 Ill. 67.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $190, rendered against appellant in a suit by appellees, to recover for loss sustained by them in the refusal of appellant to accept and pay for three car-loads of corn which had been shipped upon a contract of purchase made by appellant's agent.

Appellant is in the grain and commission business at Kansas City, Mo. Appellees are wholesale dealers in grain at Champaign, Ill. On the 14th of May, 1897, J. F. White, acting for appellant, purchased of appellees three thousand bushels of No. 3 corn, at twenty-five and one-quarter cents per bushel, to be shipped to Cairo, destination beyond. When appellant's confirmation of the purchase was received, some question arose over a requirement that the corn should be subject to Memphis or Nashville inspection, when White agreed that if appellees would ship the corn to Cairo, it should be inspected there; with that understanding the corn was shipped to Cairo, where it was inspected, and the certificates, showing it graded No. 2 and 3, were sent to White and by him to appellant. Appellees then made their invoice and sight draft for the amount of the corn, less one cent per bushel to cover shortage; showed it to White, who said it was satisfactory, attached the draft to the bill of lading and sent it through the Citizens Bank of Champaign

to appellant. When the draft was presented, appellant refused to pay it unless appellees would reduce it $130, and wired them to that effect. Appellees declined to reduce the draft, and appellant continuing in its refusal to pay, the corn was sold at twenty-one cents per bushel, the market price having declined, and this suit followed to recover the loss.

A reversal of the judgment is urged upon four grounds; first, there could be no recovery on the declaration; second, it was a condition precedent to have the corn inspected by appellees; third, the court erred in admitting conversations between White and appellees; fourth, the court gave erroneous instructions.

It is objected to the declaration that it contains only the common counts, whereas the contract should be declared on specially to support a recovery for its breach. If appellees had performed their part of the contract and nothing remained to be done except for appellant to receive the corn and pay for it (and that is the contention of appellees), the declaration is sufficiently specific. While there is not a special count setting out in full the contract, the manner of the breach, etc., and the declaration is somewhat in the form of the ordinary common counts, it specifically charges, as a ground for recovery, the refusal of appellant to accept corn which had been sold and tendered to it in accordance with the contract of purchase, whereby appellees were compelled to and did sell the corn to others at a loss. The declaration was sufficient to support a recovery on appellee's contention of facts.

The evidence shows the corn was inspected at Cairo by an inspector who usually inspected grain for appellant at that point—Thistlewood—and that it was agreed between appellees and White that Thistlewood should inspect it. But it is insisted that White was not a general agent for appellant and had no authority to agree upon a Cairo inspection. As we view the record, appellant should be bound by any agreement made by White with reference to inspection not inconsistent with its mode of business. Thistlewood had inspected for appellant at Cairo, and for

him to inspect this corn would not be a departure from its custom in that regard. White knew that when he found it necessary to agree to Cairo inspection to have the deal closed, and did so agree, appellant was bound by it.

That view disposes of the alleged error of the court in allowing conversations between White and appellees to go to the jury. So far as this deal was concerned, White was appellant's agent, and all said and done by him with reference thereto was properly heard by the jury.

There was no error in the instructions. Judgment affirmed.

Mr. Justice WRIGHT took no part.